Frances E. Livingstone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 28, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Kris A. Vanderman, Murphy, France & Vanderman,* for petitioner.

*Charges G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel for respondent.

OPINION BY JUDGE ROGERS, April 19, 1983:

Frances E. Livingstone here seeks review of an order of the Unemployment Compensation Board of Review denying her claim for unemployment compensation benefits on the ground that her unemployment was due to having voluntarily quite her job without cause of a necessitous and compelling nature.[1]

The claimant was last employed in the Perlite Division of the Allied Block and Chemical Corporation where she operated a machine which accomplished

---

[1] *See* Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b).

the filling of bags with an unidentified powdered substance and the closure of the bags by stitching. The only factual issue presented by the claimant's proofs before a referee was whether the curtailment of visibility caused by airborne dust created, as the claimant asserted, a danger that she might accidentally injure herself by means of the machine she operated. The claimant's evidence in this regard consisted of her testimonial description of the dusty conditions, the corroborative testimony of a co-worker, and three documentary exhibits admitted into evidence without objection and indicating that the claimant had on three occasions been treated in a hospital emergency room for work-related injuries to her eyes caused by airborne particles.

The referee appears to have rejected the claimant's position but has made no specific findings concerning the existence of a dust hazard at her work station. Instead the referee, affirmed by the board, merely makes reference to an investigation purportedly undertaken by the United States Occupational Safety and Health Administration which, we are told, failed to culminate in any citations or other enforcement action against the employer. The referee draws no explicit conclusion from this factual circumstance, however, and, inasmuch as there is no evidence of such an investigation or of its scope or result in the record certified to this Court, we are compelled to return this matter to the Board for further proceedings including, at least, the resolution by means of appropriate factual findings of the issue of whether there was a hazard at the claimant's work station sufficient to constitute necessitous and compelling reason for her voluntary cessation of employment.

Reversed and remanded.

### Order

And Now, this 19th day of April, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the record is remanded for further proceedings consistent with this opinion. The jurisdiction of this Court is hereby relinquished.